**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **THE JORGENSEN FORGE CORPORATION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ILLINOIS UNION INSURANCE COMPANY,** ) <br> ) <br> Defendant. ) <br> ) | **Civil Action No. _____** <br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

**COMPLAINT**

Plaintiff, The Jorgensen Forge Corporation ("JFC"), by its attorneys, for its Complaint for declaratory judgment and damages against Defendant Illinois Union Insurance Company ("Illinois Union"), alleges as follows:

**NATURE OF THE ACTION**

1.  This is an insurance coverage action for declaratory relief pursuant to 28 U.S.C. 2201 and 2202, and for damages because of breach of contract. JFC is a metal forging company that manufactures custom metal products for technical and industrial markets. JFC's manufacturing plant is located on land between Marginal Way, Tukwilla, WA and the Lower Duwamish Waterway ("JFC Facility").

Complaint and Jury Demand

Valerie Ann Lee
Lee and Associates Attorneys at Law
5505 34th Avenue NE, Suit A
Seattle, WA  98105
206-525-1640

2. JFC is a named insured under a Global Premises Pollution Liability Insurance Policy, policy no. PPL 624645939001, for the policy period 7/31/2008-7/31/2015 (the "policy period"), sold by Defendant Illinois Union (the "Policy").

3. JFC has actual and potential environmental liabilities for alleged contamination at the Lower Duwamish Waterway Site in the State of Washington, which has been designated by the United States Environmental Protection Agency ("EPA") as a National Priorities List Superfund site (the "Site") under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. 9601, *et seq*. ("CERCLA").

4. JFC has actual and potential environmental liabilities associated with the investigation, remediation, and control of contamination and pollution allegedly located at or emanating from the JFC Facility under CERCLA, the Washington Model Toxics Control Act (MTCA) and other federal and state statutes.

5. JFC has incurred and will incur substantial costs related to alleged environmental contamination and pollution at the Site and the JFC Facility as a result of certain claims brought by various governmental and non-governmental entities, as described more fully below (collectively, the "Environmental Claims").

6. The Policy obligates Illinois Union to defend JFC, and pay JFC's liability in connection with the Environmental Claims, and JFC has sought defense and liability insurance coverage from Illinois Union for the Environmental Claims. In violation of its contractual obligations, Illinois Union has refused to honor its obligations to JFC to provide coverage for the Environmental Claims.

Complaint and Jury Demand    2    Lee and Associates, Attorneys at Law
5505 34th Avenue NE, Suite A
Seattle, WA 98105
206-525-1640

## THE PARTIES

7. Plaintiff JFC is a corporation organized under the laws of the State of Washington with its principal place of business in King County, Washington.

8. Upon information and belief, Defendant Illinois Union is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.  Upon information and belief, Defendant Illinois Union is authorized to do business and is doing and transacting business in the State of Washington.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between JFC and Illinois Union, and the amount in controversy is over $75,000.

10. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property that is the subject of this action is situated in this district.

## FACTUAL BACKGROUND

### The Policy

11. Illinois Union sold the Policy to provide coverage to JFC for certain pollution liability.  The Policy provides coverage for, *inter alia*, "Claims," and "legal defense expenses" arising from "pollution conditions," including pollution conditions that began before the policy period.  The Claims must first be made during the policy period.

12. All premiums have been paid for the Policy, and JFC has satisfied all conditions precedent, if any, to obtain coverage under the Policy.

Valerie Ann Lee
Lee and Associates, Attorneys at Law
5505 34th Avenue NE
Seattle, WA  98105
206-525-1640

**The Environmental Claims**

13. JFC seeks coverage under the Policy for the following six Environmental Claims:

    a. An EPA claim requiring that JFC enter into a Consent Order to remediate polychlorinated biphenyls ("PCBs") in contaminated soil at the Site, and to place a sheet pile at the Site to contain contaminated material.

    b. A claim by other potentially responsible parties at the Site seeking to have JFC participate in an allocation of liability for past and future costs associated with the cleanup of the Site.

    c. An EPA claim that required JFC participate, through a consent order, in the closure of two pipelines containing PCBs at the Site.

    d. An EPA claim requiring JFC to delineate the extent of PCB contamination near the two pipelines that contained PCBs.

    e. A claim by the Washington State Department of Ecology requiring that JFC install a storm water treatment system at the Site.

    f. A claim by various governmental entities and two Native American tribes for natural resource damages at the Site.

14. Illinois Union has refused to accept its contractual obligation to provide coverage for the Environmental Claims.

**FIRST CLAIM FOR RELIEF**

**Declaratory Relief**

15. JFC repeats and realleges each and every allegation contained in the foregoing paragraphs 1-14 as if fully set forth herein.

Complaint and Jury Demand    4

Valerie Ann Lee
Lee and Associates, Attorneys at Law
5505 34th Avenue NE
Seattle, WA 98105
206-525-1640

16. Illinois Union is obligated to pay JFC's liability and defense costs for the Environmental Claims.

17. Illinois Union has disputed, or will dispute, its obligation to pay JFC's liability and defense costs incurred in connection with the Environmental Claims.

18. An actual and justiciable controversy currently exists between JFC and Illinois Union with respect to the duties and obligations of Illinois Union under the Policy to pay the liability and defense costs incurred by JFC in connection with the Environmental Claims.

19. JFC thus seeks a judicial determination by this Court of the obligation of Illinois Union to pay JFC's liability and defense costs for the Environmental Claims. Such a judicial determination is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

20. JFC repeats and realleges each and every allegation contained in the foregoing paragraphs 1-14 as if fully set forth herein.

21. Illinois Union has breached, and will breach, the terms of its Policy by failing and refusing to pay for the complete defense and liability costs of JFC for the Environmental Claims.

22. As a direct and proximate result of Illinois Union's breach of contract, which is continuing as of the date of this Complaint, it has deprived JFC of the benefit of the Policy.

23. As a direct and proximate result of Illinois Union's breach of contract, JFC has suffered and will suffer substantial damages in an amount to be determined at trial, including, but not limited to, the sums spent and to be spent in connection with the Environmental Claims.

Complaint and Jury Demand     5

Valerie Ann Lee
Lee and Associates, Attorneys at Law
5505 34th Avenue NE
Seattle, WA  98105
206-525-1640

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JFC requests a judgment against Illinois Union as follows:

a. On the first claim, a determination and declaration that Illinois Union is obligated under the Policy to pay the defense and liability costs incurred by JFC, or to reimburse JFC for its payment of its defense and liability costs, in connection with the Environmental Claims.

b. On the second claim, for damages in an amount to be determined at trial.

c. For reasonable attorneys' fees, pre-judgment and post-judgment interest, costs, and the expenses of this action.

d. For such other further and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff JFC demands a jury on all claims in this Complaint triable by jury.

DATED: August 15, 2013                    Respectfully submitted,

/s/ Valerie Ann Lee

OF COUNSEL:

David L. Elkind, Esq.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006
(202) 420-2200 Phone
(202) 420-2201 Fax
ElkindD@dicksteinshapiro.com

Valerie Lee, Esq., WSBA # 23548
LEE & ASSOCIATES, ATTORNEYS AT LAW
5505 34th Avenue, N.E., Suite A
Seattle, WA  98105
(206) 525-1640 (Phone)
(206) 525-0809 (Fax)
Valerie.Lee@attorneyslee.com

*Counsel for Plaintiff The Jorgensen Forge Corporation*

Complaint and Jury Demand                    6

Valerie Ann Lee
Lee and Associates, Attorneys at Law
5505 34th Avenue NE
Seattle, WA  98105
206-525-1640